**Nos. 23-35440 & 23-35450**

# In the United States Court of Appeals for the Ninth Circuit

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*
v.
THE STATE OF IDAHO,
*Defendant-Appellant.*

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*
v.
THE STATE OF IDAHO
*Defendant,*
v.
MIKE MOYLE, Speaker of the Idaho House of Representatives; et al.,
*Intervenors-Appellants.*

Appeal from the United States District Court
for the District of Idaho
Honorable B. Lynn Winmill
(1:22-cv-00329-BLW)

**EMERGENCY MOTION UNDER CIRCUIT RULE 27-3
(RELIEF REQUESTED BY NOVEMBER 15, 2023)**

Daniel W. Bower
MORRIS BOWER & HAWS PLLC
1305 12th Ave. Rd.
Nampa, ID 83686
Telephone: (208) 345-3333
dbower@morrisbowerhaws.com

*Counsel for Intervenors-Appellants*

# CIRCUIT RULE 27-3 CERTIFICATE

The undersigned certifies that the following is the information required by Circuit Rule 27-3.

(i)     *Attorneys for the parties.*

Counsel for Movants-Appellants Mike Moyle, et al.
Daniel W. Bower (dbower@morrisbowerhaws.com)
Morris Bower & Haws PLLC
1305 12th Ave. Rd.
Nampa, ID 83686
(208) 345-3333

Counsel for Defendant-Appellant State of Idaho
Joshua N. Turner (josh.turner@ag.idaho.gov)
Brian V. Church (brian.church@ag.idaho.gov)
Alan Foutz (alan.foutz@ag.idaho.gov)
Idaho Office of the Attorney General
700 W. Jefferson St., Suite 210
Boise, ID 83720
(208) 334-2400

Counsel for Plaintiff-Appellee United States of America
Michael S. Raab (michael.raab@usdoj.gov)
McKaye L. Neumeister (mckaye.l.neumeister@usdoj.gov)
Nicholas S. Crown (nicholas.s.crown@usdoj.gov)
Civil Division, U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 305-1754

(ii)     *Facts showing the existence and nature of the emergency.*

The Idaho Legislature is suffering significant irreparable harm from the district court's preliminary injunction. That harm will continue

i

unabated until the *en banc* Court issues a decision concerning the motion for a stay pending appeal. That injury arises because this Court's order dated October 10, 2023, Dkt. 67[1] (October 10 Order) granted the United States' emergency motion for *en banc* reconsideration and vacated a unanimous panel decision issuing a stay.

Vacatur is the crux of the problem, since it revived the district court's preliminary injunction prohibiting the enforcement of Idaho Code § 18-622. A State suffers "ongoing irreparable harm" whenever it is "enjoined by a court from effectuating statutes enacted by representatives of its people." *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers) (quotation omitted). No wonder the panel held that "the State easily meets its burden of showing irreparable harm." Order of Sept. 28, 2023 at 14, Dkt. 47 (Panel Op.).

An emergency exists because the Legislature needs a prompt decision by the *en banc* Court to limit the irreparable injury caused by the vacatur's revival of the preliminary injunction.

---

[1] All docket references in this Motion are to entries under No. 23-35450, the Legislature's appeal.

*(iii)   Earlier filing.*

Circuit Rule 27-3(c)(iii) asks the movant to explain "why the motion could not have been filed earlier." Although the question might be read to suggest that a motion should have been filed within days of the October 10 Order, the reality is more complex.

Neither the Federal Rules of Appellate Procedure (FRAP) nor Circuit Rules directly addresses the exact situation here—where an expedited decision, rather than an expedited briefing schedule or hearing, is needed to mitigate irreparable harm. *See* Circuit Rule 27-12. Filing an emergency motion should not be taken lightly. Doing so right after the October 10 Order would have signaled disrespect for the Court's internal processes, its need to assemble an *en banc* panel and come to a collective decision. Also weighing against an immediate motion was the unusual pace of motions practice leading up to the Order. Given the Court's rapid-fire response to the United States' emergency motion, we assumed a quick decision by the *en banc* Court.  That hasn't happened.

Weeks have passed without a decision, while the Legislature continues to suffer irreparable harm. In making a judgment when to seek relief, we looked for guidance to the 21-day period for emergency relief

iii

under Circuit Rule 27-3 and the 20-day period for the panel to issue its decision. Based on these, it's our judgment that an emergency motion is appropriate once 21 days have elapsed after the October 10 Order. That calculus makes the target date October 31. This motion is filed the following day.

(iv)   *Notice to counsel.*

Counsel for the United States was notified of this emergency motion by email at 3:24 p.m. PT on October 31, 2023. Counsel for the United States has communicated that it takes no position. This motion and supporting documents will be served via email by using the appellate CM/ECF system. The Clerk's Office was notified of the Legislature's intent to file this motion by phone call today.

(v)   *Submissions to the district court.*

The requested relief is unavailable from the district court, because an expedited *en banc* decision can only be issued by this Court.

*/s Daniel W. Bower*
Daniel W. Bower

# TABLE OF CONTENTS

CIRCUIT RULE 27-3 CERTIFICATE ..................................................... i

TABLE OF AUTHORITIES ..................................................... vi

INTRODUCTION ..................................................... 1

PROCEDURAL BACKGROUND ..................................................... 3

ARGUMENT ..................................................... 5

    I.    EXPEDITING THE DECISION IS NECESSARY TO AVOID PROLONGING THE IRREPARABLE INJURY IMPOSED BY THE PRELIMINARY INJUNCTION ......................................... 5

    II.    EMERGENCY RELIEF SHOULD BE EXTENDED TO THE LEGISLATURE ON THE SAME GENEROUS TERMS THAT IT WAS GIVEN TO THE UNITED STATES ................................... 9

    III.   AN EXPEDITIOUS *EN BANC* DECISION WILL ADVANCE JUDICIAL ECONOMY ........................................................... 12

CONCLUSION ..................................................... 12

CERTIFICATE OF COMPLIANCE ..................................................... 13

# TABLE OF AUTHORITIES

## Cases

*Abbott v. Perez,*
138 S. Ct. 2305 (2018) ..................................................................... 6

*Animal Legal Def. Fund v. Veneman,*
490 F.3d 725 (9th Cir. 2007) ...................................................... 4, 5

*Dobbs v. Jackson Women's Health Org.,*
142 S. Ct. 2228 (2022) .......................................................... 6–7, 11

*Golden v. Washington,*
138 S. Ct. 448 (2017) ...................................................................... 8

*Maryland v. King,*
567 U.S. 1301 (2012) .............................................................. 2, 6, 12

*New Motor Vehicle Bd. v. Orrin W. Fox Co.,*
434 U.S. 1345 (1977) ...................................................................... 6

*Nken v. Holder,*
556 U.S. 418 (2009) ................................................................ 3, 5, 8

*Planned Parenthood Great N.W. v. State,*
522 P.3d 1132 (Idaho 2023) .......................................................... 6

*United States v. Arizona,*
567 U.S. 387 (2012) ........................................................................ 8

*United States v. Arizona,*
641 F.3d 339 (9th Cir. 2011) .......................................................... 8

*United States v. California,*
921 F.3d 865 (9th Cir. 2019) .......................................................... 8

*Washington v. Trump*,
    847 F.3d 1151 (9th Cir. 2017) ......................................................... 8

**Statutes**

42 U.S.C. § 1395dd (EMTALA) ............................................................ 3, 8

Idaho Code § 18-622 .................................................................... 1, 3, 4, 8

Idaho Code § 67-465 ........................................................................... 7

Idaho Code § 67-465(1) ..................................................................... 7

## INTRODUCTION

Pursuant to FRAP 27(a)(1) and Circuit Rule 27-3, Intervenors-Appellants Mike Moyle, et al. (Idaho Legislature or Legislature) respectfully request an expedited decision regarding the pending motion for a stay pending appeal by November 15, 2023. The Idaho Legislature "needs relief within 21 days to avoid irreparable harm." Circuit Rule 27-3.

On October 10, 2023, the Court issued an order granting the United States' emergency motion for reconsideration *en banc* of a unanimous panel decision. *See* October 10 Order. The Legislature has no quarrel with that aspect of the Order. But the same Order also vacated the panel decision, which granted the Legislature's motion for a stay pending appeal. Panel Op. at 18. By vacating that decision, the October 10 Order revived a preliminary injunction prohibiting the enforcement of Idaho Code § 18-622, an Idaho law prohibiting abortion unless expressly authorized. Every day it is in force, that injunction irreparably harms the Legislature. To avoid prolonging the injury, this motion asks for a decision on the pending motion to issue promptly.

Three reasons support the Legislature's requested relief.

First, the Idaho Legislature readily satisfies the chief condition of emergency relief—demonstration of irreparable harm. Supreme Court precedent unmistakably establishes that a State suffers "ongoing irreparable harm" whenever it is "enjoined by a court from effectuating statutes enacted by representatives of its people." *King*, 567 U.S. 1303 (Roberts, C.J., in chambers). By reinvigorating the district court's preliminary injunction, the vacatur contained in the October 10 Order exposes the State of Idaho to such harm. Emergency relief cannot eliminate irreparable harm to the Legislature because that harm inevitably results from vacating the panel decision. But granting the Legislature emergency relief will mitigate the harm by cutting short the time for awaiting this Court's decision. Either way, a decision by the *en banc* Court is preferable to continued delay. A favorable decision will stop the irreparable harm by granting the requested stay, and an adverse decision will invite a plea for relief from the Supreme Court.

Second, the Legislature should receive the same consideration for its request for emergency relief that the United States has generously received. The government not only obtained *en banc* reconsideration of the panel decision granting a stay, it got that relief uncommonly fast, as

the timeline below shows. Since the Court's order granting *en banc* review exposes the Legislature to irreparable harm by vacating the panel decision, its request for an expedited decision is reasonable.

Third, judicial economy would be served by issuing a decision promptly. The *en banc* decision will be important, no doubt, but it will not be conclusive. It is the Supreme Court that will finally determine whether a stay pending appeal issues in this matter. Delivering an *en banc* decision soon will avoid wasting scarce judicial resources in a matter where the Supreme Court is likely to be engaged.

## PROCEDURAL BACKGROUND

Pending before the Court is the Legislature's motion for a stay pending appeal from a district court decision issuing a preliminary injunction that prohibits full enforcement of Idaho Code § 18-622. Intervenors-Appellants' Opposed Motion to Stay Prelim. Inj. Pending Appeal, Dkt. 29. A unanimous three-judge panel issued a stay, holding that "the traditional stay factors favor granting the Legislature's motion." Panel Op. at 18. The panel's logic is compelling.

> Each of the four *Nken* [*v. Holder*, 556 U.S. 418 (2009)] factors favors issuing a stay here. The Legislature has made a strong showing that EMTALA does not preempt section 622. EMTALA does not require abortions, and even if it did in some

circumstances, that requirement would not directly conflict
with section 622. The federal government will not be injured
by the stay of an order preliminarily enjoining enforcement of
a state law that does not conflict with its own. Idaho, on the
other hand, will be irreparably injured absent a stay because
the preliminary injunction directly harms its sovereignty.
And the balance of the equities and the public interest also
favor judicial action ensuring Idaho's right to enforce its legit-
imately enacted laws during the pendency of the State's
appeal.

*Id.* at 4.

Yet less than two weeks later, the Court granted the United States'
emergency motion and vacated the panel decision. October 10 Order at 1.
Vacating a panel decision when granting rehearing *en banc* appears to be
"common practice." *Animal Legal Def. Fund v. Veneman*, 490 F.3d 725,
727 (9th Cir. 2007) (Bybee, J., concurring). Ordinarily, the losing party
suffers no lasting harm from vacatur under these circumstances.

But this case is extraordinary. Vacating the panel decision here
eliminated the stay protecting the State of Idaho from the district court's
preliminary injunction. Exposed to the full force of the preliminary in-
junction, the State once again faces irreparable harm. Issuing a decision
promptly is needed to mitigate that harm, or at least limit its duration.

4

**ARGUMENT**

I. **EXPEDITING THE DECISION IS NECESSARY TO AVOID PROLONGING THE IRREPARABLE INJURY IMPOSED BY THE PRELIMINARY INJUNCTION.**

A familiar standard sets the terms for obtaining a stay pending appeal. The Idaho Legislature must show that (1) it is likely to succeed on the merits; (2) it will be irreparably injured absent a stay; (3) a balance of the equities favors a stay; and (4) a stay serves the public interest. *Nken*, 556 U.S. at 434.

Irreparable harm is also the crucial factor under Circuit Rule 27-3. What prompts the Legislature's motion is that portion of the October 10 Order vacating the panel decision. We understand that vacating a panel opinion in an order granting rehearing *en banc* is "common practice." *Animal Legal Def. Fund*, 490 F.3d at 727 (Bybee, J., concurring). Sound logic justifies the practice. "By granting rehearing *en banc*, [the Court is] not engaging in another level of appellate review…. Any decision [it] issue[s] necessarily displaces whatever judgment and opinion the panel previously issued, whether or not it is consistent with the *en banc* opinion." *Id.* at 728. Ordinarily, the losing party suffers no lasting harm from vacatur.

But this is not the ordinary case. By reinvigorating the preliminary injunction, vacatur exposes the State of Idaho and the Idaho Legislature to irreparable injury. Supreme Court precedent establishes that a State suffers "ongoing irreparable harm" whenever it is "enjoined by a court from effectuating statutes enacted by representatives of its people." *King*, 567 U.S. at 1303 (Roberts, C.J., in chambers) (quoting *New Motor Vehicle Bd. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977) (Rehnquist, J., in chambers)); *accord Abbott v. Perez*, 138 S. Ct. 2305, 2324 n.17 (2018) ("[The inability to enforce its duly enacted plans clearly inflicts irreparable harm on the State."). Every day that passes with a federal injunction in force prevents the State from carrying out a duly adopted law reflecting Idaho's historic policy disfavoring abortion. *See Planned Parenthood Great N.W. v. State*, 522 P.3d 1132, 1148 (Idaho 2023) (describing Idaho's "history and traditions" prohibiting abortion unless authorized by law). Blocking the operation of Idaho law is a standalone injury.

Beyond the intrinsic harm of impeding Idaho law, the preliminary injunction prevents the exercise of Idaho's sovereign authority to regulate abortion, which the Supreme Court has definitively endorsed. *See Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228, 2284 (2022)

6

(holding that "[t]he Constitution does not prohibit the citizens of each State from regulating or prohibiting abortion," and, accordingly, "return[ing] that authority to the people and their elected representatives.").

Nor is there any doubt that the Legislature can properly invoke the irreparable harm imposed by the preliminary injunction. Any argument that only the Idaho Attorney General and not the Legislature can invoke the harm from a federal injunction is "a distinction without a difference." Panel Op. at 14. After all, Idaho law expressly authorizes the Legislature to intervene in litigation to defend State law. *See* IDAHO CODE § 67-465. When the Legislature's leaders exercise that authority, as here, they act "as agents of the state of Idaho and as a matter of right." *Id.* § 67-465(1). The Legislature is therefore legally authorized to invoke the irreparable injuries caused by the preliminary injunction.[2]

The United States will not suffer substantial harm without an injunction. Circuit precedent rightly rebuffs "general pronouncements that

---

[2] Another reason prompting this motion is the Legislature's experience before the district court. It took only 22 days after the complaint to issue the preliminary injunction, following an expedited schedule demanded by the United States. 2-ER-90. Fourteen days after, the Legislature filed a motion for reconsideration. 2-LEG-ER-270. But the district court let the motion sit undecided for another *eight months*. 1-LEG-ER-2. As the State's authorized representative, IDAHO CODE § 67-465, the Legislature must do what it can to avoid repeating that experience.

a Supremacy Clause violation alone constitutes sufficient harm to warrant an injunction." *United States v. California*, 921 F.3d 865, 894 (9th Cir. 2019). But "[g]eneral pronouncements" are all the government has to offer. *Id.* Letting a preempted state law operate *might* impose irreparable harm on the United States—but only if its claim of preemption is likely to prevail. *See United States v. Arizona*, 641 F.3d 339, 366 (9th Cir. 2011), *rev'd in part on other grounds*, 567 U.S. 387 (2012). And that seems highly doubtful in this case. The panel rejected the government's preemption theory unanimously. Panel Op. at 4 ("EMTALA does not preempt section 622."). Since its preemption theory is highly questionable (we would say incorrect), any harm the United States incurs from waiting to persuade an appellate panel before enjoining Idaho law is hardly "irreparable" since the government "may yet pursue and vindicate its interests in the full course of this litigation." *Washington v. Trump*, 847 F.3d 1151, 1168 (9th Cir. 2017) (per curiam), *cert. denied sub nom. Golden v. Washington*, 138 S. Ct. 448 (2017).[3]

---

[3] Other allegations of irreparable injury by the United States are equally unconvincing. Idaho's purported interference with the government's administration of the Medicare program is inseparable from the government's preemption claim. And the United States cannot demonstrate irreparable harm to itself by alleging hypothetical (and overstated) risks to nonparties. *See Nken*, 556 U.S. at 426.

Added to which, the precise question raised by this motion is not whether to issue a stay but whether to grant expedited review. On that question, the United States cannot fairly assert substantial harm. Expediting review does not affect the substance of the Court's decision. The United States has no legitimate reason to oppose an expedited decision—unless of course one credits the argument that granting the Legislature's requested relief would deny the government the benefit of a delay that keeps the preliminary injunction in place without prompt judicial review. We certainly don't.

The parties thus stand in an asymmetrical position. Expediting the *en banc* decision would prevent avoidable injury to the Legislature but pose no injury to the United States. Given that balance of harms, granting the Legislature's requested relief should be an easy choice.

## II. EMERGENCY RELIEF SHOULD BE EXTENDED TO THE LEGISLATURE ON THE SAME GENEROUS TERMS THAT IT WAS GIVEN TO THE UNITED STATES.

Asking for an *en banc* decision within the next two weeks may seem audacious, but it is perfectly reasonable when considered in context of the Court's response to the United States' emergency motion. Here's the timeline leading up to the October 10 Order:

9

♦ On August 22, the Legislature filed its motion for a stay pending appeal (Dkt. 29), and on September 8, briefing on the motion finished with the Legislature's reply. Dkt. 32.

♦ On September 28, a unanimous three-judge panel issued an 18-page opinion granting the stay. Dkt. 47.

♦ On September 30, the United States filed an emergency motion for reconsideration *en banc*. Dkt. 51.

♦ That same day, Saturday, September 30, 2023 an order issued directing the State of Idaho and the Idaho Legislature to file a response by October 4 at 10:00 am. Dkt. 52.

♦ On October 4, the Legislature filed a timely response. Dkt. 58.

♦ On October 5, the United States filed a Motion for Leave to File Reply (Dkt. 63), which the Court granted that same day. Dkt. 64.

♦ On October 10, the date requested by the United States, the Court issued an order granting *en banc* reconsideration and vacating the panel decision. Dkt. 67.

Notice three features of this timeline. One, only 10 days separated the United States' emergency motion from the order granting *en banc* reconsideration and vacating the panel decision. *Compare* Dkt. 51 *with* Dkt. 67. Two, both the scheduling order prescribing a deadline for the appellants' responses and the order granting leave for the government to file a reply were issued the same day as the corresponding papers filed by the United States. *See* Dkt. 52, Dkt. 64. Three, the scheduling order of September 30 allowed the Legislature and the State a mere two business days plus early morning hours to prepare and file their responses. Dkt.

10

52. That pace is extraordinary. Except for cases of capital punishment, immigration, or national security, counsel knows of no other case where motions practice before this Court has moved that rapidly.

Twenty-one days have now passed since the October 10 Order. Considering the pace leading up to the Order and the irreparable injuries caused by vacating the panel decision, the Legislature's request for an *en banc* decision by November 15, 2023 is reasonable.

It should make no difference that the Legislature's request for emergency relief originates in a dispute over Idaho's abortion law. *Dobbs*, 142 S. Ct. at 2228, condemned any effort "to engineer exceptions to longstanding background rules" when confronted with a case involving abortion. *Id.* at 2276. Under *Dobbs*, a distaste for Idaho's abortion policy cannot warrant a one-sided approach to emergency relief. A bona fide emergency for the Legislature merits the same generous treatment that the Court has extended to the United States. Considering the irreparable harm to the Legislature and the unusual responsiveness accorded the government's request for emergency relief, this motion should be granted and the *en banc* panel's decision issued promptly.

11

## III. AN EXPEDITIOUS *EN BANC* DECISION WILL ADVANCE JUDICIAL ECONOMY.

Faced with "ongoing irreparable harm," *King*, 567 U.S. at 1303, the Idaho Legislature is determined to secure relief—from the Supreme Court if necessary. That means, with respect, that the *en banc* Court's decision is important but not conclusive. The fate of the Legislature's motion for a stay pending appeal ultimately rests with the Supreme Court. Lingering over the *en banc* determination would waste scarce judicial resources on a question of temporary relief that only the High Court can finally resolve.

### CONCLUSION

For these reasons, the Legislature requests an *en banc* decision concerning its motion for a stay by November 15, 2023.

Respectfully submitted,

*/s/ Daniel W. Bower*
Daniel W. Bower
MORRIS BOWER & HAWS PLLC
1305 12th Ave. Rd.
Nampa, ID 83686
Telephone: (208) 345-3333
dbower@morrisbowerhaws.com

*Counsel for Intervenors-Appellants*

November 1, 2023

12

## CERTIFICATE OF COMPLIANCE PURSUANT TO
## CIRCUIT RULE 32-1 FOR CASE NOS. 23-35440 & 23-35450

I hereby certify that this brief complies with the word limits permitted by FRAP 27(d)(2)(A). The motion is 2,438 words, excluding the cover and documents exempted by FRAP 27(d)(2) and Circuit Rule 27-1(1)(d). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

Dated: November 1, 2023          */s/ Daniel W. Bower*
Daniel W. Bower

*Counsel for Intervenors - Appellants*